JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CAYLEY COHAN

## DEFENDANTS

POLICE INSPECTOR JOSEPH BOLOGNA, POLICE OFFICER LEZLIE WINTERS, and THE CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff   **Camden County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Noah S. Cohen, Esquire
Greenblatt, Pierce, Funt and Flores, LLC
123 S. Broad St., Ste. 2500, Philadelphia, PA 19109; (215) 735-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Monell Liability; First & Fourth Amendment; Assault/Battery; False Arrest/False Imprisonment; Malicious Prosecuti

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
> 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
October 1, 2021

SIGNATURE OF ATTORNEY OF RECORD
*Alan L. Yatvin*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Audubon, New Jersey 08106 _____

Address of Defendant: _____ Philadelphia, Pennsylvania 19106 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/01/2021     *Alan L. Yatvin*     38716
                                   *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☑ All other Diversity Cases
     *(Please specify):* _____ 42 U.S.C. § 1983

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Alan L. Yatvin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought.

DATE: 10/01/2021     *Alan L. Yatvin*     38716
                                   *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| CAYLEY COHAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| POLICE INSPECTOR JOSEPH BOLOGNA, | : | |
| POLICE OFFICER LEZLIE WINTERS, and | : | |
| THE CITY OF PHILADELPHIA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☑

| | | |
|---|---|---|
| October 1, 2021 | Alan L. Yatvin | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-1600 | 215-735-1660 | a.yatvin@gpfflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAYLEY COHAN,<br>43 North White Horse Pike, Audubon, NJ 08106: | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| INSPECTOR JOSEPH BOLOGNA, #552<br>P/O LEZLIE WINTERS, #7228<br>CITY OF PHILADELPHIA,<br>c/o Law Department<br>City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA 19102-1595 | |
| Defendants. | |

## **COMPLAINT**

### JURISDICTION & VENUE

1.     This Court has original jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) as all material acts and omissions giving rise to this action occurred here within.

### PARTIES

3.     Plaintiff Caylee Cohan is a resident of the State of New Jersey, at the address set forth in the caption.

4.     Defendant Joseph Bologna was at all relevant times a supervisor in the Philadelphia Police Department ("PPD"). He is being sued in his individual capacity.

5.     Defendant Winters was at all relevant times a Philadelphia Police Officer. She is being sued in her individual capacity.

6.      Defendant City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania. The City's Offices and Agencies include the PPD, which is and was responsible for screening, hiring, training, supervising, and disciplining its agents/servants/employees, including the individual Defendants.

7.      The Defendants names, addresses and badge numbers are set forth in the caption of this Complaint.

8.      At all relevant times, all Defendants were acting under color of state law.

9.      At all relevant times, the actions taken by all Defendants deprived Plaintiff of her constitutional and statutory rights.

10.     At all relevant times, the individual Defendants were acting in concert and conspiracy and their actions deprived Plaintiff of her constitutional and statutory rights.

### FACTUAL ALLEGATIONS

11.     Ms. Cohan went into Center City Philadelphia with her friend Grace Donahue on June 2, 2020 to take part in a protest of police brutality in the wake of George Floyd's death a week prior.

12.     While walking with other protestors at Tenth and Market Streets, Ms. Cohan brushed her foot against Inspector Bologna's front bicycle tire.

13.     Ms. Cohan continued walking past Inspector Bologna.

14.     Inspector Bologna grabbed Ms. Cohan by her right arm, pulling her back, and said "Don't touch my bike."

15.     Ms. Cohan responded, "Fuck you, I didn't touch your bike" as she backed away from him.

16.     Inspector Bologna immediately tossed his bike into a group of protestors and

jumped onto Ms. Cohan, tackling her to the street.

17.    At no point during this incident was Inspector Bologna justified to use force upon Ms. Cohan.

18.    Ms. Cohan broke her right wrist on May 31, 2020 and was wearing a cast under her sweatshirt.

19.    Ms. Cohan suffered cuts and bruises on her legs as a result of Inspector Bologna's attack.

20.    Officer Winters Inspector Bologna, and other unknown officers, unlawfully arrested Ms. Cohan.

21.    During the unlawful arrest of Ms. Cohan the cast on her wrist was removed.

22.    Officer Winters handcuffed Ms. Cohan and brought her to a police van.

23.    Officer Winters excessively and unreasonably tightened the handcuffs solely for the purposes of hurting and punishing Ms. Cohan.

24.    While in the van Ms. Cohan told Officer Winters that she had recently broken her wrist and the handcuffs were too tight, causing her pain and to lose feeling and circulation in her hands and arms. Officer Winters refused to respond Ms. Cohan's immediate medical need.

25.    Approximately ten minutes later, Ms. Cohan's handcuffs were loosened by unknown officers after she continued complaining about her pain.

26.    Ms. Cohan was taken to a holding facility in Northeast Philadelphia where she vomited twice due to anxiety and dehydration. She was held there for approximately nineteen hours and was repeatedly denied water until two to three hours after vomiting multiple times.

27.    In an attempt to provide a justification for both Inspector Bologna's and her own actions, Defendant Winters provided a false statement to Detective Przybylowski in which she

3

claimed that Ms. Cohan kicked her multiple times both when she intervened when Ms. Cohan was

kicking Inspector Bologna's bike and as she was handcuffing Ms. Cohan.

28.    Defendant Winters further falsely stated that Ms. Cohan spat on her cheek.

29.    On June 3, 2020, Ms. Cohan was moved to another holding facility in Center City

Philadelphia located at 8th and Race where she was held for another seventeen hours until she was

preliminarily arraigned and released from custody the morning of June 4, 2020.

30.    Ms. Cohan was charged with felony aggravated assault, simple assault, and

disorderly conduct.

31.    There was no probable cause for any of these charges. Ms. Cohan did not hit, strike,

spit upon, or in any way assault anyone.

32.    As the Pennsylvania Supreme Court held more than twenty years ago, a single

epithet spoken to a police officer is not disorderly conduct. *Commonwealth v. Hock*, 728 A. 2d 943

(Pa. 1999); *see also Johnson v. Campbell*, 332 F.3d 199, 213-14 (3d Cir. 2003) "… swear words,

spoken to a police officer, do not provide probable cause for an arrest for disorderly conduct

because the words, as a matter of law, are not 'fighting words.'").

33.    Plaintiff was represented in the criminal matter by Attorney Max G. Kramer, who

she paid $1,000.00 for legal representation on the false charges.

34.    Attorney Kramer subsequently presented the District Attorney's Office with video

evidence proving that Plaintiff was innocent of the charges.

35.    On July 27, 2020, at the fourth court hearing on this matter, the Commonwealth

withdrew all charges against Ms. Cohan, thereby causing the criminal matter to be resolved in her

favor.

4

*Inspector Bologna's Record of Civil Rights Violations*

36.     On June 1, 2020, Inspector Bologna struck Temple University student Evan Gorski in the head with his baton.

37.     This incident was witnessed firsthand by many members of the Philadelphia Police Department and on video from both fellow officers' body worn cameras and non-officers present during the protest.

38.     Like the attack on Ms. Cohan, Inspector Bologna's strike of Mr. Gorski's head, which required ten staples, was unprovoked, occurred during a protest and led to "cover charges" on Mr. Gorski that were later dropped when video of the incident was reviewed by the Philadelphia District Attorney's Office.

39.     PPD Supervisors of Inspector Bologna, including the Police Commissioner were aware of this incident, yet they retained him on active duty and returned him to the street on the next day, when he used unreasonable force against Ms. Cohan.

40.     The City of Philadelphia willfully disregarded the risk that Inspector Bologna would again use unreasonable force on a peaceful protestor by assigning Inspector Bologna to supervise the rally the next day on June 2, 2020, thereby directly leading to his use of unreasonable force upon Ms. Cohan.

41.     On June 8, 2020, Inspector Bologna was arrested and charged with assault and possessing an instrument of crime arising from the incident with Evan Gorski.[1]

42.     Well before Inspector Bologna's assault upon Mr. Gorski however, the City of Philadelphia was aware of Inspector Bologna's history of violation citizens' civil rights.

43.     Despite this knowledge, instead of properly disciplining him, Inspector Bologna

---

[1] As of the filing of this Complaint the charges against Inspector Bologna, under docket number MC-51-CR-0011373-2020, have a trial date of March 15, 2022.

was continually promoted, receiving explicit approval for his misconduct.

44.     These violations are well documented in both newspaper articles and civil complaints:

  a.  On August 22, 2016, The Philadelphia Inquirer published an article regarding illegal raids on convenience stores performed by a unit of four PPD narcotics officers under Inspector Bologna's supervision wherein Inspector Bologna can be observed directing an officer to cut a store's surveillance camera.[2] Then PPD Commissioner Charles Ramsey stated that he couldn't think of any official reason for police officers to cut camera wires. Six store owners and workers, including the owner of the store wherein the video footage of Inspector Bologna directing a subordinate officer to dismantle a camera, made allegations that their surveillance cameras were destroyed and that their stores had money and merchandise seized by these officers.

  b.  On April 24, 2014, The Philadelphia Inquirer published an article regarding Inspector Bologna and the same four officers under his command: Jeffrey Cujdik, Richard Cujdik, Thomas Tolstoy and Robert McDonnell Jr.[3] Per then Commissioner Ramsey, Internal Affairs "sustained several of the allegations, and we are in the process now of going through the charging process – the internal review for discipline against the accused officers." Inspector Bologna, who was a

---

[2] Wendy Ruderman et al., *Video sharpens focus on raid*, The Philadelphia Inquirer (August 22, 2016), *available at*, https://www.inquirer.com/philly/news/special_packages/20090330_Video_sharpens_focus_on_raid.html

[3] Mike Newall et al., *No criminal charges for four Philly officers in 'Tainted Justice' cases*, The Philadelphia Inquirer (April 24, 2014), *available at*, https://www.inquirer.com/philly/news/20140425_No_criminal_charges_for_narcotics_officers_in__Tainted_Justice__series.html

Captain at the time, was found to have failed to properly supervise Officer Richard Cujdik as he was present when Officer Cujdik improperly searched a car without a warrant. As stated in the article, the City of Philadelphia settled thirty-three lawsuits totaling $1.7 million related to alleged misconduct on behalf of Inspector Bologna and officers he supervised. Some of the lawsuits in which Inspector Bologna is a named defendant are listed below:

c.  Plaintiffs Joseph and Tamara Marcolongo, in civil action No. 09-cv-03554-TON, alleged that then Lieutenant Bologna with his fellow officers entered plaintiffs' home, punched Mr. Marcolongo in the face, took money from plaintiffs and falsely claimed they found illegal narcotics in their home.

d.  Plaintiffs Juan Collado-Gomez and Josephina Fortuna, in civil action No. 09-cv-03911-TON alleged then Lieutenant Bologna and officers under his command raided his convenience store, restrained himself and an employee, cut all surveillance cameras operating in the store, took money from the cash register and from Mr. Collado-Gomez's person and his apartment directly above the store, took cigarettes and other items from the store and prepared a false Affidavit of Probable Cause to justify their illegal actions.

e.  Plaintiff Antonio Lanzara, in civil action No. 09-cv-04071-TON, alleged that Jeffrey Cujdik and Robert McDonnell Jr., then Sergeant Bologna's supervision, provided a false affidavit of probable cause used to search his property. Further, Plaintiff Lanzara's alleges that through a series of articles published in the Daily News on or about February 2009 he discovered that the Confidential Informant Ventura Martinez publicly attested that he was paid large sums of money by Officer

7

Cujdik to provide false information to in sworn statements to justify illegal searches.

f.   Plaintiff Jose Duran, in civil action No. 09-cv-04120-TON, alleged that then Sergeant Bologna, in concert and conspiracy with officers under his command, provided a false affidavit of probable cause to justify a search of the store he owned and operated. They also destroyed and seized video surveillance from his store without cause or justification and caused Mr. Duran to be unlawfully arrested, detained and prosecuted by providing knowingly false information.

g.   Plaintiff Emilio Vargas, in civil action No. 09-cv-05627-TON, alleged that then Sergeant Bologna, acting in concert and conspiracy with officers he supervised, disregarded proper police practices regarding the use of confidential informants in conducting an illegal search of the store Mr. Vargas managed, and destroyed and seized video surveillance equipment from the store without cause or justification. Further, Mr. Vargas alleges that the Defendant Officers stole his money and merchandise during the illegal search of his store.

h.   Plaintiff Robert Daily, Jr., in civil action No. 09-cv-06216-TON, alleged that Defendant Bologna, with Defendant officers he was supervising, illegally seized his money and other property, used unreasonable force upon him, and provided false information from confidential informant #103, Ventura Martinez, which was later recanted by Mr. Martinez, to justify their search and maliciously prosecute Mr. Daily with narcotics offenses.

i.   Inspector Bologna was also sued for civil rights violations before he supervised the narcotics unit which was the subject of the ten-month series of articles titled

'Tainted Justice' by Barbara Laker and Wendy Ruderman for which they received a 2010 Pulitzer Prize, both of which were settled by the City of Philadelphia.

j.  Plaintiff Neftali Ramos Reyes, in civil action No. 05-2775, alleged that then Sergeant Joseph Bologna, along with his fellow officers, caused Mr. Reyes severe injuries from repeatedly kicking and beating him without cause during an arrest on the 4600 block of G Street in Philadelphia.

k.  Plaintiffs Brandon Banks and Brittany Albitz, in civil action No. 04-cv-01052-JS alleged that Defendant Bologna, along with other Defendant officers, punched Plaintiff Banks in the face conducted an unjustified search of their home, brought a drug suspect into their home, commenced a violent of interrogation of the suspect, and left without bringing charges against Plaintiffs.

45.  The actions and conduct of Defendants Bologna and Winters were willful, wanton, malicious, intentional, outrageous, deliberate and/or so egregious as to shock the conscience.

46.  As a direct and proximate result of the actions and inactions of the Defendants, jointly and severally, Ms. Cohan suffered damages as follows:

a.  Physical pain and suffering;

b.  Fear and mental anguish;

c.  Unlawful detention;

d.  Medical expenses;

e.  Legal expenses;

f.  Violation of her right to be free of unreasonable force;

g.  Violation of her right to be free of arrest without probable cause;

h.  Violation of her right to free speech;

    i.   Violation of her right to be free of deliberate indifference to her serious medical need.

## CAUSES OF ACTION

### COUNT 1
**Plaintiff v. Defendants Bologna and Winters**
**Federal Civil Rights Violations Under 42 U.S.C. § 1983**

47.    Ms. Cohan hereby incorporates by reference all of the foregoing and further alleges as follows:

48.    Defendants Bologna and Winters caused the unreasonable use of force against Plaintiff in violation of Plaintiff's right to be free from the use of such force under the Fourth Amendment to the U.S. Constitution.

49.    As a direct and proximate result of the conduct of Defendants Bologna and Winters, committed under color of state law, Ms. Cohan was deprived of her rights to be free from the unreasonable use of force, to be free of unreasonable seizure of her person, to be free of false arrest, to be protected, to be free of prosecution without probable cause, to freedom of speech, to be secure in her person and property, to not suffer deliberate indifference to her serious medical needs, to be free of punishment without due process, and to equal protection of the law.  As a result, Ms. Cohan suffered harm, in violation of her rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

50.    The conduct of Defendants Bologna and Winters constituted the constitutional violations of unreasonable force, false arrest, malicious prosecution, failure to protect, denial of free speech, cruelty and punishment, deliberate indifference to serious medical need.

51.    As a direct and proximate result of the actions and conduct of Defendants Bologna and Winters, Ms. Cohan sustained damages as set forth above.

10

52.     Ms. Cohan is entitled to her attorney's fees and costs of prosecution of this suit, pursuant to 42 U.S.C. § 1988.

53.     Ms. Cohan is entitled to punitive damages.

**COUNT 2**
**Plaintiff v. Defendant City of Philadelphia**
**42 U.S.C. § 1983**

54.     Ms. Cohan hereby incorporates by reference all of the foregoing and further alleges as follows:

55.     Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern and practice, and to the need for more or different training, supervision, investigation or discipline of Defendant Bologna, in violating the civil rights of citizens like Ms. Cohan, which caused Defendant Bologna to commit the violations alleged herein.

56.     Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern, practice and custom of, and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a.   The proper exercise of police powers, including improper arrests, detentions, retaliation, and the unreasonable use of force;

    b.   The use of force and arrest powers to punish civilians for their exercise of lawful speech;

    c.   The punitive use of restraint devices, including handcuffs;

    d.   The giving of false statements and bringing false cover charges to retaliate and conceal misconduct;

    e.   The failure of other officers present to intervene to prevent other officers who are engaging in misconduct and violating civilian's rights;

11

f.   The failure of other officers to come forward and report information regarding other officers who are engaging in misconduct and violating civilian's rights, otherwise known as the Blue Wall of Silence;

g.   The deliberate indifference of officers to immediate medical need of persons in their custody or control.

57.   The aforesaid conduct caused the violations of Ms. Cohan's rights as alleged herein.

58.   By these actions, Defendant City of Philadelphia deprived Ms. Cohan of her rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

59.   As a direct and proximate result of the actions and conduct of Defendant City of Philadelphia, Ms. Cohan sustained damages as set forth above.

60.   Ms. Cohan is entitled to her attorney's fees and costs of prosecution of this suit, pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

61.    Plaintiff demands a trial by jury as to each Defendant and as to each cause of action and claim.

**WHEREFORE**, Plaintiff demands judgment against each defendant, jointly and severally, as to each count, along with costs, attorney's fees, interest, punitive damages as to the individual defendants, and such other and further relief as the Court may deem just and proper.


                                                      **GREENBLATT, PIERCE,**
                                                      **FUNT AND FLORES, LLC**

DATE: October 1, 2021                                 *Alan L. Yatvin*
                                                      Alan L. Yatvin, Esquire
                                                      Noah S. Cohen, Esquire

12

123 South Broad Street, Suite 2500
Philadelphia, Pennsylvania 19109
T: 215-735-1600 / F: 215-735-1660
*Attorneys for Plaintiff*